Your Honors, may it please the Court, my name is Christopher Cannon. I've been appointed to represent Luke Brugnara, and I'd like to save two minutes for rebuttal, if possible. Okay. Just please remember that the time on the clock is all the time you have, including your rebuttal time. Thank you. Your Honors, I don't think there's any question in this case that Mr. Brugnara was not given notice, and that notice is constitutionally required under both the Due Process Clause and Rule 32 of the Federal Rules of Criminal Procedure. There's no question that he wasn't given notice. Notice of what? He knew everything that was going on. He didn't know to – he didn't – he was not given notice that the Court was intending to impose prison time for those two additional violations. You mean for the – for absconding? Correct. Those were two – Well, as I understand it, absconding was not charged as a separate violation. That's correct. Right? That's correct. And the comment that he made about the probation officer was not charged as a separate. That's correct. Right? That's correct. He didn't think they were at all going to be considered at this time of sentencing? There were two comments by the district court judge that indicated that they weren't going to be considered. The first – the first comment by the district court judge was unambiguous, and he told the government that unless they charged and it was proved or admitted, he would not consider the absconding conduct. That was – Is that exactly what he said? I thought he just complained that the district court was making him do the lifting. That – that's the – that – the second complaint was more – was more ambiguous. The first one was, if he isn't proven guilty on them, I can't hold any of those against him unless he's willing to admit them. I don't think I consider them at sentencing unless he admits them or you prove them. That was the first clear, unambiguous comment. Okay. Then that doesn't mean he – that doesn't mean he's locked into that, does it? I would – I would submit that it does, and that just shows why written notice is an important element of due process. Because if – due process means that you shouldn't have to defend against shifting charges. So you don't think the judge could change his mind? I think if he had been given written notice of what the charges were, we wouldn't have this – we wouldn't have this problem. I think written notice is required because then there's a record. You know what you're facing. You can have a strategy based upon the written charges. Judges can certainly change their mind, but they have to inform a defendant of the potential changes in accordance with the rules. Counsel, when you say charges, though, there's a difference between charges and factors that a court considers in sentencing. That's definitely true, Your Honor. So would you address that difference? Certainly. At sentencing, a court can address many separate factors. There's no question that the court could consider factors at sentencing. And there's almost an unlimited amount of factors that a court can consider. However, when it's clear that the court considers a not – a factor which is not supposed to be considered, then the sentence has to be set aside. And that's what happened in this case because the court – The reason that the judge has not considered extra charges is he didn't lengthen the eligible sentence. In other words, he sentenced within what was otherwise eligible, not increasing it for those violations. That's correct. But when the judge issued his – was stated from the bench, he said he's – the sentence was 364 days on the firearm charges, 7, 8, and 9, 364 days. And then he said 64 days added to that for absconding and going into hiding, and that's exactly the number of days that he was in hiding, and 28 days for insulting Jennifer Hutchins yesterday in court. And that language carried through to the actual judgment, wherein the judgment, he says, this sentence is comprised of 364 days for the Form 12 violations, 64 days for the defendant's absconding, and 28 days for the defendant's insulting comments. So it's very clear that the judge imposed 364 days on the Form 12 violations and the additional time on the two other unalleged offenses against the court. And that's why the Due Process Clause and Federal Rule of Criminal Procedure 32 require written notice so you know what you're defending against. Well, let's say I had a case with a drug offense where the maximum statutory maximum is 10 years, and within that I do a five-year total sentence and I say some of it's for this part of the drug offense and some for this and some for this, but I never exceed the statutory maximum. Would your argument be the same? It would depend upon that, Your Honor, because I don't think that's a fair comparison. And the reason I don't think it's a fair comparison, if you're looking at a drug offense, you can say I'm sentenced. The reason I'm imposing the hypothetical sentence is because the amount of drugs, the degree of violence, the fact that there were children in the house, the fact that the person was carrying a gun, all of those are legitimate factors to look at in imposing a sentence. And you can do that because those are legitimate sentencing factors. It's not legitimate to sentence someone specifically for conduct which has not been alleged. Well, you know, the judge started out by saying the correct answer, the correct sentence that he's going to give is 456 days. He started by—that's not how I read his comment. Well, he says, he says, okay, all right, here is the court's sentence. The statute allows up to two years. The guideline range is 12 to 18 months. Offense level B, criminal history category, four. In the court's view, I'm going to—let me just make sure I've done this right. The correct answer is 456 days. And then he explains how he got there. Correct. And when he explains how he got there, he says that he only applied 364 days on the firearm charges. And those were the only charges that were alleged in the Form 12 upon which he was sentenced. The absconding and the comment about the probation officer were not alleged in the Form 12. And if you look at the comment about the probation officer, that was a brief, that's constitutionally protected conduct. He's allowed to say whatever he wants to say to his lawyer about his probation officer. Counsel, on that issue, do you have any case law you can point to to establish that the error was plain? I wish I did, Your Honor. If I did, I would have cited it in my brief. And at this point, I'll save the rest of my time for rebuttal. Thank you. Thank you. Good morning, Your Honors. May it please the Court, my name is George Hageman, appearing on behalf of the United States. This Court should affirm, and I'll limit my comment, or I'll start my comments with where my colleague just left off on the notice issue. One thing to clarify in the record, when Judge Alsup said he would not consider the remaining charges, that was in regards to the 11 remaining charges on the petition at that time. There were 14 charges. By that point, three had been proven. And Judge Alsup was saying on ER 210 that the remaining charges have to be either admitted or proven or dismissed. He would not consider things that had been dismissed. It was not a promise to say, I'm not going to consider any other information at all. Also, that quote-unquote promise was made on July 31st before the absconding even happened. And to Judge Paez's point, the judge can change his mind later on. So with respect to the notice issue, written notice of alleged violations is required under the rule. But there's no requirement of notice of each and every piece of information that comes into the judge's head in sentencing. Even though there's no requirement of notice, Mr. Brugnara had ample notice of both. With respect to the absconding, there's significant back and forth in the record where the government asks the judge to take the absconding into consideration at sentencing. Judge Alsup says he may or may not do that, but he acknowledges that he could do that. With respect to the courtroom outburst, after Judge Alsup heard from the probation officer, Judge Alsup said very clearly that he would take that into account as well at sentencing. That's ER 17. So Mr. Brugnara, though notice was not required, he had sufficient notice that both would be considered. We were discussing earlier the sentence itself, and I think it's important to frame the sentence as it's framed in the record, which is it's a single sentence of 456 days. Judge Alsup announced the sentence in three different places in the record, twice orally at the hearing and once in the judgment itself. In each of those instances, the sentence is 456 days. In the first instance, here is the court's sentence. Then he describes the offense level, the maximum penalties, and then he says the correct answer is 456 days. That's at ER 44. The second time, in what he called the formal pronouncement of sentence, he says, I hereby sentence Mr. Brugnara to the custody of the Bureau of Prisons for 456 days. That's at ER 47. And then in the judgment itself, he commits Mr. Brugnara to the custody of the Bureau of Prisons for 456 days. That's at ER 7. Now, in two of those three instances, Judge Alsup chose to show his math to, in his words, tell us how he got there. But just because he chose to show his math doesn't mean this was not a single sentence. So how does this suggest that he was treating the absconding, you know, failure to appear at sentencing, that he was treating that just like it was a separate violation? I don't believe he was treating it like a separate violation, Your Honor. I believe he was treating it as a sentencing factor as he is permitted and even required to consider. Under 18 U.S.C. 3583, the sentencing judge is required to consider factors like the history and characteristics of the defendant. So why do you think he was being so explicit in explaining how he got to his sentence? I can't speak for what's in the judge's mind, Your Honor. I believe he was displeased with the government's approach in the case, and he chose to show his math. There's nothing wrong with that. Some judges could show even more math. I'm going to give you two days because of this and four days because of this. Some judges might choose to show no math at all. But just because he showed his math doesn't mean it was improper and it doesn't mean it was multiple sentences. Instead, this was the absconding and the core remapperist being taken into consideration under the court's broad discretion, largely unlimited as it's phrased in the Concepcion case, to consider a wide variety of information. I agree with you that the district judge has that authority. But what is your position on whether having said, I will not consider something, that somehow prejudices the defendant because it may alter the approach he takes to arguing the matter? It might bear upon a number of strategic factors. Yes, Your Honor. So the promise that I will not consider something, that was on January 31st. And I think in context on ER 210, it's clear that's in reference to the 11 remaining charges on the petition. To the second part of your question of prejudicing the defendant, in this case, Mr. Brugnara was put on notice that the court would consider both the absconding and the core remapperist. Mr. Brugnara had the ability to mount a defense, and he eventually conceded both. He conceded the core remapperist when he confessed, not confessed, but during his allocution, he said the outburst to Jennifer Hutchings, I apologize for. So he was able to mount a defense, and he chose not to. He chose to concede that issue. With respect to the absconding itself, earlier in the record, at a hearing on June 6th, this is ER 122, Mr. Brugnara, through counsel, concedes the absconding. He makes the argument that the absconding wasn't that bad because he stayed in the local area and he didn't leave the state, so it wasn't that bad. So in terms of prejudice to the defendant and the ability to mount a defense, he still had that ability, and he mounted whatever defense he felt was appropriate. Can I just take you to a little bit different direction? Counsel didn't argue the violation for the gun possession, which was the main charge that the sentence was based upon. It didn't strike me as the strongest showing of dominion and control. It was a little bit of a stretch, I thought. Yes, Your Honor, and I believe Judge Alsop phrased it the same way. He says if this were beyond a reasonable doubt standard, we might not get there. But Judge Alsop correctly recognized that this is a preponderance of the evidence standard. He heard the government's evidence, including DNA on the firearm, family members that say it was his gun, his associations to the storage unit where the gun was found, his admissions that he may have touched the gun. Judge Alsop heard the government's evidence. He also heard the defense's arguments about purported weaknesses with the government's evidence and determined that the preponderance of the evidence has been met. But even there, the standard here in sufficiency of the evidence review is whether any rational trier of fact could have found the preponderance of the evidence-supported constructive possession, viewing the evidence in the light most favorable to the government. And so while Your Honor, just as Judge Alsop said, might say this is not the strongest case, and I would agree it's not the strongest case, it does certainly meet preponderance of the evidence, certainly when viewed in the light most favorable to the government. I'll move on. Unless the Court has any additional questions, I'll move on just briefly to the third issue in the appellant's brief. And this is whether taking the courtroom outburst into consideration at sentencing meets the high bar of plain error. And put simply, it does not. The error has to be, there has to be an error, and it has to be a clear or obvious one. Under either the First Amendment or the Sixth Amendment, we do not get there. Judges have substantial discretion to manage their courtrooms effectively, and the privilege under the Sixth Amendment only applies if, among other things, the comment was made in confidence to his attorney and for the purpose of obtaining legal advice. Under neither of those amendments is there plain error here. Even if we get past prongs one, two, and three, Mr. Brugnara would still have to show prong four, where the Court would have to feel that the exercise of discretion here is warranted. And given Mr. Brugnara's long documented history of outbursts, given the lack of a factual dispute here, this is not one of those situations. I do have concern about the application of the courtroom management cases to the situation in which essentially this was a, the court was in recess, and the only reason why counsel and the defendant stayed in the courtroom was presumably because there was nowhere else for them to go to have a private conference. So I don't think those cases really are positive here. You're correct, Your Honor, that while the comment was made in the courtroom and it was directed to an officer of the court, and I say directed to because that's the word that Mr. Brugnara used in his allocution, it was during a five-minute recess. It was between 2.43 and 2.48 p.m. the day before. I think that matters because the judge, Judge Alsup, had just come off the bench, and he would go back on the bench just a moment later. So this is not a situation where Mr. Brugnara wandered into an empty and dark courtroom and he flips on the lights and he makes this outburst. This is very much part of the proceedings, albeit during a recess. The judge has broad discretion to manage his courtroom effectively, and the courthouse complex as a whole is a nonpublic forum. The courtroom is a special protected place within that. I see that I am out of my time. Unless the Court has any further questions, this Court should affirm. Thank you. Thank you again. I would like to respond to the government's claim that Mr. Brugnara somehow conceded the conduct. Yes, Mr. Brugnara conceded the conduct occurred. He did not concede the conduct could be used against him and, in fact, objected to the Court using that conduct against him. So it's clear the concession was only to the facts. It wasn't to the application of those – of that conduct and having it used against him at sentencing. In the – in connection with the Court asked a question about the substantial evidence of the violation. The evidence was very thin. And I argued in our opening brief that that evidence was insufficient as a constitutional matter because it was based on demonstrably untrue claims. The hearsay statements by the family members could not have been true. There were three family members whose testimony came in through various levels of hearsay through the probation officer. And the probation officer said the family members saw a video or heard a statement that Mr. Brugnara brought a gun and ammunition at Dick's Sporting Goods. Well, the record's clear. Dick's Sporting Goods got out of the guns and firearms business in 2018. So the evidence that was used to bolster the really thin DNA evidence was demonstrably false. And the government can't bolster thin evidence with demonstrably false evidence. That's simply improper. Because when the Court looks at the DNA evidence, this was a trace amount of DNA, 64 cells in total. A centimeter of dandruff is 20,000 cells. A sneeze is 100,000 germs. And the record was very clear that this DNA evidence could have been transferred. And you've got a storage locker that has some of Mr. Brugnara's material in it, much more of the Wynn family material in it. You have people that are searching it holding material. You have 64 cells of DNA on one swab, and you have five swabs that don't show anything else. It's a very small amount of evidence, and it's consistent with trace evidence. So when it comes to whether the sentencing Mr. Brugnara for his comment to counsel in the courtroom is plain error, I think it is clear and obvious that someone cannot be punished for a statement to his or her lawyer that's made to his or her lawyer when court is not in session. I think it leads to a place where people really wonder whether this is a fair system where someone's being punished, time is added to their prison term, for comments they made to their lawyer. Thank you, unless the court has any questions.
judges: PAEZ, SUNG, Fitzwater